November 2, 2009

Honorable Joseph E. Irenas, S.U.S.D.J.
United States District Court
401 Market Street
Room 310
P.O. Box 2097
Camden, N.J. 08101                                              **LETTER BRIEF**

RE: United States v. Juan Rivera-Velez
    Criminal No. 06-445 (JEI)

Dear Judge Irenas

  I have filed a short notice motion for dismissal of Count II based upon Rafael Colon having lied before the Grand Jury. In support of the motion I have submitted an Affidavit of Counsel which collects, for completeness of the record, items relating to the motion. (Exhibit references in this Letter Brief are to the Affidavit of Counsel.)

## BACKGROUND AND STATEMENT OF FACTS

  Rafael Colon lied to the Grand Jury concerning how he had got rid of the murder weapon (Trial Tr. at 3227, Exh. A). Disclosure of the Grand Jury testimony was made at or about the time of jury openings, along with the Government's September 25, 2009 letter, as part of voluminous Jencks/Giglio disclosures relating to numerous witnesses, including Colon. (See Exhs. B and C). (The materials relevant to Colon were reviewed by defendant shortly before and as Colon testified on October 19 and 20, 2009.)  The jury was sworn on September 30, 2009, at which time jeopardy

1

attached. (Trial Tr. at 807, Exh. A).

## LEGAL ARGUMENT

United States v. Basurto stands for the proposition that a prosecuting attorney who learns of perjured testimony presented to a grand jury has a duty to notify the court and the grand jury of the perjury to prevent injustice. Id. at 785. (It is recognized that since the Government learned of the perjury on September 17, 2009 notification to the Grand Jury would not have been feasible.) A defendant's Fifth Amendment right to due process is violated when a defendant has to stand trial on an indictment which the Government knows is based partially on material testimony which is perjured. Id.

As in this case, the Basurto prosecutor informed defense counsel of the perjured testimony. However, the Basurto prosecutor, like this prosecutor, did not notify the Court of the perjury prior to commencement of trial or the attachment of jeopardy. On appeal the Ninth Circuit Court of Appeals reversed the conviction, holding that:

> The Due Process Clause of the Fifth Amendment is violated when a defendant has to stand trial on an indictment which the government knows is based partially on perjured testimony, when the perjured testimony is material, and when jeopardy has not attached. Whenever the prosecutor learns of any perjury committed before the grand jury, he is under a duty to immediately inform the court and opposing counsel and, if the perjury may be material, also the grand jury in order that appropriate action may be taken. Id. at 785-786.

Basurto has been distinguished by United States v. Hargrove, 2003 WL 22232853 (E.D. Pa. 2003). The Hargrove court distinguished Basurto on ground that prejudice must be shown by the defendant. In Hargrove the defendant argued that an entire indictment must be dismissed where the testimony of a grand jury witness vacillated between various terms and forms of cocaine when a

2

laboratory report indicated only that cocaine base was present. Specifically, the government witness testified that the laboratory reports in the investigation stated that the drugs found were "crack cocaine base," "crack cocaine, cocaine base" and "crack cocaine based [sic]." The Hargrove court concluded that there was no prejudice to defendant because "(1) the drugs in question were, in fact, crack cocaine and (2) the challenged testimony was not related to an essential element of the offenses charged." Here, however, the perjured testimony is material with respect to the disposition of the murder weapon, a point in sharp dispute.

Also illustrating an example of a court not following Basurto to dismiss is United States v. Strouse, 286 F.3d 767, 772 (5th Cir. 2002) (holding that an indictment may not be dismissed due to perjury before the grand jury where the Grand Jury was not knowingly sponsored by the government). Here, Defendant concedes that the Government did not knowingly sponsor the perjured testimony.

Other cases have declined to follow Basurto in ordering dismissal. United States v. Perez-Reyes, 753 F. Supp. 723 (N.D. Ill. 1990) dealt with a defendant who urged the court to dismiss the entire indictment based on perjury by a government witness which related to charges which the government did not pursue at trial. The defendant argued that such perjury tainted the entire grand jury proceeding and as such the entire indictment should be dismissed under Basurto. The court disagreed finding that the perjured testimony relating to the counts not pursued at trial did not affect the counts which went to trial. Id.  U.S. v. Udziela, 671 F.2d 995 (7th Cir. 1982) held that discovery of perjured grand jury testimony, discovered and disclosed by the government after dismissal of the grand jury but before trial, should trigger an in camera judicial hearing to determine the existence and sufficiency of other evidence supporting the indictment. Basurto was held not to apply because there was ample evidence presented to the grand jury to support the charges. Id.

Defendant recognizes that Basurto has not been widely followed to authorize wholesale dismissals of indictments. Defendant further acknowledges that the Basurto opinion has been disagreed with, declined to be followed, called into doubt and limited in its consideration and application. (Westlaw keycite attached to this Letter Brief as Exhibit A.) Here, however, perjured testimony was presented to the Grand Jury in a murder case and was material to the central charge of murder. Disclosure was not made to the Court prior to the commencement of trial or the attachment of jeopardy. Therefore, Count II (murder) should be dismissed.

## CONCLUSION

For the reasons set forth hereinabove, Defendant Juan Rivera-Velez's motion for dismissal of Count II should be granted.

Respectfully submitted,

s/Harold B. Shapiro

HAROLD B. SHAPIRO

HBS:asc
cc: Diana V. Carrig, Esquire, AUSA
   Juan Rivera-Velez

**SHAPIRO & SHAPIRO, P.A.**
1063 East Landis Avenue
P.O. Box 787
Vineland, New Jersey 08362
(856) 691-6800
Attorneys for Defendant Juan Rivera-Velez

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | : UNITED STATES DISTRICT COURT FOR |
| | : THE DISTRICT OF NEW JERSEY |
| Plaintiff, | : |
| | : |
| vs. | : Criminal No.: 06-445 (JEI) |
| | : |
| JUAN RIVERA-VELEZ, | : |
| | : |
| Defendant. | : **CERTIFICATE OF SERVICE** |

    I hereby certify that a copy of Notice of Motion Pursuant to <u>Federal Rule of Evidence</u> 106, Letter Brief and Affidavit of Counsel and a copy of this Certificate of Service were served by e-mail and by way of hand delivery to Diana V. Carrig, Esquire, Assistant United States Attorney, 401 Market Street, 4th Floor, P.O. Box 2098, Camden, New Jersey 08101 on this 3rd day of November, 2009.

                                                       s/Harold B. Shapiro
                                          _____
                                          HAROLD B. SHAPIRO, ESQUIRE

DATED: November 3, 2009

**SHAPIRO & SHAPIRO, P.A.**
1063 East Landis Avenue
P.O. Box 787
Vineland, New Jersey 08362
(856) 691-6800
Attorneys for Defendant Juan Rivera-Velez

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | : UNITED STATES DISTRICT COURT FOR |
| | : THE DISTRICT OF NEW JERSEY |
| Plaintiff, | : |
| | : |
| vs. | : Criminal No.: 06-445 (JEI) |
| | : |
| JUAN RIVERA-VELEZ, | : |
| | : |
| Defendant. | : **NOTICE OF MOTION** |

TO:   Diana V. Carrig, Esq., AUSA
      United States Attorney's Office
      401 Market Street, 4th Floor
      P.O. Box 2098
      Camden, N.J. 08101

PLEASE TAKE NOTICE that Defendant Juan Rivera-Velez shall move before the Court, on short notice, at the United States Courthouse, 1 John F. Gerry Plaza, Camden, New Jersey, for an Order, directing:

1. The dismissal of Count II (murder).

Defendant Juan Rivera-Velez shall rely upon the Letter Brief filed herewith and the Affidavit of Counsel.

                                              **SHAPIRO & SHAPIRO, P.A.**
                                              Attorneys for Defendant Juan Rivera-Velez

                                              s/Harold B. Shapiro
                                              _____
                                              HAROLD B. SHAPIRO, ESQUIRE

DATED: November 2, 2009

1

**SHAPIRO & SHAPIRO, P.A.**
1063 East Landis Avenue
P.O. Box 787
Vineland, New Jersey 08362
(856) 691-6800
Attorneys for Defendant Juan Rivera-Velez

| | |
|---|---|
| UNITED STATES OF AMERICA, | : UNITED STATES DISTRICT COURT FOR |
| | : THE DISTRICT OF NEW JERSEY |
| Plaintiff, | : |
| | : |
| vs. | : Criminal No.: 06-445 (JEI) |
| | : |
| JUAN RIVERA-VELEZ, | : |
| | : |
| Defendant. | : **AFFIDAVIT OF COUNSEL IN SUPPORT OF MOTION PURSUANT TO FEDERAL RULE OF EVIDENCE 106** |

I, Harold B. Shapiro, of full age, being duly sworn according to law, deposes and says:

1. I am an attorney-at-law admitted to practice in the State of New Jersey and before the United States District Court for the District of New Jersey. I have been appointed, pursuant to the Criminal Justice Act, to represent Defendant Juan Rivera-Velez in the captioned criminal action. The purpose of this Affidavit of Counsel is to place upon the record exhibits which are relevant to and support the motion being filed at this time to dismiss Count II of the Superseding Indictment. The exhibits referenced and/or attached to this Affidavit of Counsel include transcript, correspondence, and discovery material.

2. Set forth below are the exhibits pertinent to the motion being filed with the Court at this time:

| | |
|---|---|
| Trial Transcript Excerpt (3226-3229) | Exhibit A |
| Grand Jury Transcript, 11/9/04 (RC-8) (received to the best recollection of the affiant when Jencks/Giglio material was delivered to the affiant on or about the date or day before opening statements) | Exhibit B |

1

2

| | |
|---|---|
| Government Letter, 9/25/09 (RC-16) (received to the best recollection of the affiant when Jencks/Giglio material was delivered to the affiant on or about the date or day before opening statements) | Exhibit C |
| Government Letter 9/17/09 (RC-17) (received to the best recollection of the affiant at time of Rafael Colon testimony, on or about October 19 or 20, 2009) | Exhibit D |

                                                      s/Harold B. Shapiro
                                                  _____
                                                  HAROLD B. SHAPIRO, ESQUIRE

Sworn and subscribed to before me this
1st day of November, 2009.


_____

2